JAMES M. CAREY, Adm'r. of ELIAS CONWELL *vs.* HEAVILO MORRIS, Adm'r. c. t. a. of SUSAN MORRIS.

The act of limitation does not begin to run until there are parties capable of suing and being sued.

Where the cause of action does not arise until after a person's death, the act does not begin until there is a party representing him.

THIS was an action of assumpsit, stated, in the opening, to be for a legacy. The pleas were non-assumpsit, payment, set-off and the act of limitation.

Jonathan Heavilo bequeathed to Elias Conwell, at the marriage or death of his sister, Susan Morris, (to whom he gave the use of all his estate, real and personal, during her life or widowhood) three hundred dollars in cash, to be paid him by his executor. Susan Morris became the executrix of Heavilo; and died September 26, 1845, unmarried: Heavilo Morris, administered on her estate September 30, 1845.

Elias Conwell, the legatee, died in 1825, and the plaintiff, (Carey) administered on his estate October 5, 1847. This suit was commenced August 10, 1849. The administrator expressed his willingness to pay, if the claim was a legal one.

*Mr. Houston* moved a nonsuit, on the ground of limitation.

*Mr. Layton,* contra, contended that the act did not begin to run as against this claim, until the grant of administration to James M.

Carey; for until then there was no person entitled to sue for it.— The legacy was left to Elias Conwell by Jonathan Heavilo, who died on the 4th of March, 1823, payable after the death of Susan Morris, which did not happen until 1845. In the mean time, namely, in 1825, Elias Conwell died, and there was no administration on his estate until 1847.

The question was, whether the act began to run against Elias Conwell *before* letters were taken out on his estate; and to examine this question (the Chief Justice having doubts) a nonsuit was ordered, with leave to move to take it off.

Argument on this motion.

*Mr. Layton.*—Elias Conwell never had a cause of action. No right to sue accrued until after the death of Susan Morris, nor until a representative of Elias Conwell was made by the grant of letters to Carey. The suit was within three years thereafter. The statute does not run until there is a party capable of suing, and of being sued. (4 *Bac. Ab.*, 479, *Lim.*, 5; *Cro. Jac.*, 60; 4 *Mad.*, 376; 2 *Salk.*, 421; 2 *Vern.*, 694; *Blansh. Lim.*, 108; 5 *Barn. & Ald.*, 204; *Wilk. Lim.*, 49.) Where A. has a demand against B., which is not barred by the statute; and B. dies, the statute does does not begin to run until letters are taken on B's estate. (2 *U. S. Dig.*, 807; 6 *Pick. Rep.*, 276; 1 *Halstead Rep.*, 377; 4 *McCord*, 423.)

Where an action does not accrue until after the death of the defendant or claimant, the statute does not begin to run until administration is granted. (2 *Bibb.*, 537; and the authorities cited supra.)

*Mr. Parker.*—All the cases cited (except one) are cases in which the indebtedness or cause of action arose after the death of the party; and could not arise until there was some one in whose favor the right of action could accrue. (4 *Bac. Ab.*, 479; 2 *Salk.*, 421, is the exception.) In our case the whole property was devised to Susan Morris, charged with the payment of this legacy, at her death to Elias Conwell. The acceptance by Susan Morris of this bequest and the administration by her on the estate of Jonathan Heavilo, created a promise on her part to pay the legacy at the time limited; the right of action accrued in her life time, and the statute began to run at her death. The terms of the English statute of 21 *Jac.*, *chap.* 16, *sec.* 3, are somewhat different from those of our act of assembly. (2 *Leigh. N. P.*) The cause of action is distinguishable from the remedy. It arises on the promise or obligation to pay; and may be barred though the remedy, which exists in the parties,

be not always existing whilst the statute is running   (2 *Barn. &
Adolp.*, 413.)   The cause of action in this case accrued at the death
of Susan Morris, and the statute runs from that time, whether ad-
ministration was taken on her estate, or on Conwell's estate, or not.
The statute of limitation, in case of a contingency, runs from the
time the contingency happens.   (1 *Wm. Blac.*, 354 ; 3 *Burr.* 127-8.)
The whole spirit of the statute requires this construction.   It is a
statute of repose ; is designed to exact diligence ; and punishes the
negligence of the plaintiff.   He was bound to take out letters,
and sue within three years from Mrs. Morris' death.   A contrary
construction would give time without limit ; and repeal the statute
or defeat its object.

2. But the nonsuit in this case was right on another ground.   The
act of assembly which gives the action of assumpsit for a legacy,
cannot apply to a legacy limited over in remainder, after a bequest
for life.   (*Dig.*, 228-9, 370.)   Before the act of 1764, there was no
action in the courts of common law for a legacy.   The right to sue
given in that act, and the obligation to pay, is defined by the act of
1829.   (*Dig.*, 228.)   It gives the action against the executor of the
testator.   The assets in his hands create the legal liability and raise
the consequent promise to pay it.   No other person can be liable to
be sued for a legacy, but the representative of the person who gives
the legacy.   This suit is not against the representative of Jonathan
Heavilo, but against the representative of Susan Morris, the legatee.
The act of 1829 expressly declares that the action of assumpsit
shall not lie for a legacy which is the subject of a trust.   Mrs.
Morris received this legacy in her own right during life, and in
trust for Elias Conwell, after her death.

*Mr. Houston* and *Mr. Cullen*, on the same side, cited 4 *Mass.
Rep.*, 634 ; *Johns. Rep.*, 99 ; 1 *Harr. Rep.*, 108 ; 4 *Mess. & Welsby*,
41 ; 15 *Com. Law Rep.*, 113, 607 ; 13 *Wend. Rep.*, 267 ; 2 *Salk.*,
421 ; 2 *Roper Leg.*, 351 ; 1 *P. Wms.*, 1.)

*Mr. Layton*, in reply.—1. The action is under the statute, to re-
cover a legacy left by Jonathan Heavilo.   The action is a substitute
for a bill in equity.   This court has jurisdiction by action of debt,
detinue, assumpsit, &c., in all cases, for the recovery of legacies,
unless they be trusts, as fully as chancery.   (*Digest*, 370 ; *Ibid*,
228.)

Jonathan Heavilo left a legacy of $300 to Elias Conwell, after
the use of it for life by Susan Morris.   Susan Morris was the ex-

ecutrix of Jonathan Heavilo, and received assets of his estate enough to pay this legacy. Her accounts show a balance, after payment of debts, of $1,300 and upwards.

The receipt of assets by Mrs. Morris, sufficient to pay this legacy is averred; and the pleadings admit it. There was that much money received by her for her own use during life, and for the use of Elias Conwell after her death. Her administrator is, therefore, bound to pay it.

2. As to the plea of limitation. The cause of action does not accrue until it is complete ; until there is a party to sue and be sued, and a tribunal to maintain the suit. The statute did not begin to run in this case, until letters were granted on the estate of Elias Conwell, on the 5th of October, 1849. There was no occasion to reply to this matter. The plea is, that the action was not commenced within three years from the accruing of the cause of action. The narr. shows that it was. It was, therefore, only necessary to take issue on this plea. The replication of this matter, would be a mere repetition of the averments in the narr.

*By the Court.*

HARRINGTON, *Judge.*—1. The plaintiff was nonsuited at the trial on the plea of limitation. The action is assumpsit, to recover the sum of $300, which was bequeathed by Jonathan Heavilo to Susan Morris for life, and at her decease to Elias Conwell. The money was paid to Susan Morris, who lived until the 26th of September, 1845, when she died, and administration on her estate was granted to the defendant, on the 30th of September, 1845. Elias Conwell died in the life time of Susan Morris, and administration on his estate was granted to the plaintiff on the 5th of October, 1847. This suit was brought August 10, 1849. The propriety of the nonsuit, therefore, rests on this point, on the question, whether the cause of action accrued within three years before this suit was commenced.

The argument for the defendant was, that the cause of action accrued at the death of Susan Morris, as the money was then due and payable, and this was more than three years before the action was brought ; that for the plaintiff is, that no cause of action can accrue until there are parties capable of suing and being sued; and as administration on the estate of Elias Conwell was not had until October, 1847, the limitation began to run only from that time.

This is a question of authority; and seems, by the citations that have been made on the argument of this rule, to be with the plaintiff. The principle, therefore, on which the motion for a nonsuit was sustained, hesitatingly however, and with a reservation in favor of the present motion, has not been supported; and the nonsuit ought to be taken off.

2. But it has been now argued that the court will not take off a nonsuit, though granted upon untenable grounds; if it can be shown that the plaintiff might have been nonsuited on other grounds; and this is true where such a defect plainly appears in the plaintiff's case, and continues to vitiate it, as that he must inevitably be nonsuited on further trial. It would be idle to let the party into another trial, if the result of that trial must be to nonsuit him again.

We are, therefore, to look into the plaintiff's declaration, to see if he has a cause of action capable of being supported.

This suit has in our view been improperly called a suit for a legacy; and hence the argument and authorities connected with that view of the case, appear to us to have been misapplied. This court has jurisdiction to maintain a suit for a legacy in such a case as this, and has maintained it in this very case, in a former suit against the administrator d. b. n. of Jonathan Heavilo; the legacy is not by any means *now*, whatever it may have been when Susan Morris demanded it, the subject of a *trust*, and therefore the action of assumpsit, by the direct letter of the statute, lies for it, at the suit of the legatee, against the representative of the testator. But this is no such suit; and we cannot regard it as in any sense an action for a legacy. Such an action can lie only against the representative of the testator; whereas this suit is against the representative of Susan Morris. The defendant in an action for a legacy, is entitled to a refunding bond; but no other than the representative of the person who bequeathed the legacy, can require such a bond.

If this action, therefore, can be supported, it must be as an action of assumpsit for money had and received to the plaintiff's use; and as such an action upon careful examination of the plaintiff's declaration, (though altogether informal, and liable to a special if not a general demurrer, because it mingles up with a demand of money from Susan Morris individually, this notion, running throughout, of a demand for a legacy against her as executor,) we think we find substantial ground for supporting the action of assumpsit for money had and received; founded on her legal liability arising from the

receipt of money which at her death belonged to Elias Conwell, and which she therefore received to his use; and the subsequent promise of the defendant, as her administrator to pay it. This, in truth, is all that need have been stated in the declaration; as the action of assumpsit for money had and received lies in all cases where one person receives money to the use of another. The payment of this legacy to Mrs. Morris, was for the use of Elias Conwell at and after her death; it fixed a liability and raised a consequent promise on her part to pay it; and this liability is a sufficient support for the promise which is averred to have been made by her administrator to pay it; and to entitle the plaintiff to recover against him in this action.

Rule absolute.

*Layton,* for plaintiff.

*Parker, Houston* and *Cullen,* for defendant.